UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| RYON PIPHUS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO.: 3:21-cv-71-RGJ |
| | ) |
| SPECIALIZED ALTERNATIVES | ) |
| FOR FAMILIES AND YOUTH | ) |
| OF KENTUCKY, | ) |
| | ) |
|     Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1.  Plaintiff, Ryon Piphus ("Piphus" or "Plaintiff"), by Counsel, brings this action against Defendant, Specialized Alternatives for Families and Youth of Kentucky, ("Defendant", hereinafter), alleging violations of Title VII of the Civil Rights Act ("Title VII") and the Kentucky Civil Rights Act ("KCRA").

**II. PARTIES**

2.  Piphus is a resident of Kentucky, who at all times relevant to this action, resided within the geographical boundaries of the Western District of Kentucky.

3.  Defendant maintains offices and routinely conducts business within the geographical boundaries of the Western District of Kentucky.

**III. JURISIDCTION AND VENUE**

1

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. §12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b), and KRS 344.030(2).

6. Piphus was an " employee" as that term is defined by 42 U.S.C. §2000e(f), and KRS 344.030(5).

7. Piphus was an "employee" as that term is defined by 42 U.S.C. §12111(4).

8. Piphus satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on her race.

9. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

10. Piphus, who is an African American woman, began working for Defendant on or around February 17, 2020. Her last position held was as a Case Coordinator. Piphus was the only African American employee in Defendant's office.

11. Throughout her employment, Piphus met or exceeded Defendant's legitimate performance expectations. Specifically, Piphus consistently received compliments and positive feedback from her superiors regarding her work performance.

12. In or around June 2020, Piphus' superior, Karen Moore (Moore), sent out a general email to the entire office, stating that those who fell behind on their case notes would be written up. Defendant's policy is to complete case notes within 24 hours of the client meeting.

13. On or around July 21, 2020, Piphus had a meeting with her superior, Aubrey Sullivan (Sullivan). Sullivan alleged that Piphus did not meet with her two (2) of her clients on a particular date. Piphus stated that she did meet with all of her clients on the date in question but may have input the wrong dates in her case notes. At worst, this was a mere clerical error and not an intentional act.

14. Initially, Sullivan indicated that the simple mistake was not a big deal. However, on July 23, 2020 Piphus was unexpectedly told to meet with Heather Rice, Human Resources. Instead of receiving a warning and/or write-up, as Moore directed the previous month, Piphus was terminated during the meeting with Rice.

15. Defendant has yet to reprimand or terminate any other employees outside of Piphus' protected class for the same reason she was terminated. Due to her race, she was held to a different standard outside of the following individuals who have violated the same policy she was terminated for:

    a. Elizabeth Long (Long), Caucasian - Long is a Therapist for Defendant and has a history of producing case notes 2-3 weeks after their due date, well beyond the 24-hour period set by Moore. To date, she has not received any warnings and/or write-ups. Additionally, Long has falsified case notes stating that she met with a client on a date that the client was out of town at their cousin's house. It was impossible for Long

to meet with her client on the date she reported. Still, Long has not been received any warning and/or write-up;

      b.      Summer Papajeski (Papajeski) , Caucasian - Summer is a Case Coordinator for Defendant: Summer told Piphus in or around July 2020 that she only submitted four case notes for the entire month of July. While she received an email from her Supervisor, the email was not a discipline but rather advised her that this was an issue; and

      c.      Brianna Hope, Caucasian - Hope is a Therapist for Defendant: Hope told Piphus in or around March 10, 2020 that she was weeks behind in her case notes. Hope did not receive any warnings and/or write-ups.

16.      Defendant's stated reason for termination is pretext for race discrimination.

17.      Piphus has been damaged by Defendant's actions.

## V. CAUSES OF ACTION

### COUNT I: TITLE VII - RACE DISCRIMINATION

18.      Piphus hereby incorporates paragraphs one (1) through seventeen (17) of her Complaint.

19.      Piphus is a member of a protected class based on her race.

20.      At all times relevant to this matter, Piphus met or exceeded Defendant's legitimate performance expectations. This is evidenced by the fact that Piphus received compliments on her performance.

21. Piphus was held to a different standard than members outside of her protected class. Specifically, Caucasian employees intentionally falsified case notes without punishment, but Piphus was terminated for a simple clerical error.

22. Defendant's actions were intentional, willful, and taken in reckless disregard of Piphus' legal rights.

23. Defendant's unlawful actions have violated Piphus' rights as protected by Title VII.

24. Piphus suffered damages as a result of Defendant's unlawful actions.

### COUNT II: KCRA - RACE DISCRIMINATION

25. Piphus hereby incorporates by reference paragraphs one (1) through twenty-four (24) of her Complaint as if the same were set forth at length herein.

26. Piphus is a member of a protected class based on her race.

27. At all times relevant to this matter, Piphus met or exceeded Defendant's legitimate performance expectations. This is evidenced by the fact that Piphus received compliments on her performance.

28. Piphus was held to a different standard than members outside of her protected class. Specifically, Caucasian employees intentionally falsified case notes without punishment, but Piphus was terminated for a simple clerical error.

29. Defendant's actions were intentional, willful, and taken in reckless disregard of Piphus' legal rights.

30. Defendant's unlawful actions have violated Piphus' rights as protected by the KCRA.

31. Piphus suffered damages as a result of Defendant's unlawful acts.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Ryon Piphus, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her race;

2. Reinstate Plaintiff to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

3. Order that Plaintiff be awarded any back pays she would have earned, including fringe benefits with related money benefits and interests thereon, absent Defendant's unlawful acts;

4. Award Plaintiff compensatory damages for Defendant's violations of Title VII and the KCRA;

5. Award Plaintiff punitive damages for Defendant's violations of Title VII and the KCRA;

6. Award the Plaintiff her attorney fees, litigation expenses, and costs incurred as a result of this action;

8. Award Plaintiff pre- and post-judgement interest on all sums recoverable; and

9. Grant such other relief as may be just and proper.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Devan A. Dannelly_____
Devan A. Dannelly
Andrew Dutkanych III
101 North Seventh Street
Louisville, Kentucky 40202
Telephone:   (502) 561-3443
Facsimile:    (812) 424-1005
Email:          ddannelly@bdlegal.com
                    ad@bdlegal.com
*Attorneys for Plaintiff, Ryon Piphus*

## DEMAND FOR JURY TRIAL

Plaintiff, Ryon Piphus, by counsel requests a trial by jury on all issues deemed so triable.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Devan A. Dannelly_____
Devan A. Dannelly
Andrew Dutkanych III
101 North Seventh Street
Louisville, Kentucky 40202
Telephone:   (502) 561-3443
Facsimile:    (812) 424-1005
Email:          ddannelly@bdlegal.com
                    ad@bdlegal.com
*Attorneys for Plaintiff, Ryon Piphus*